1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Brittany Everts, | No. CV-15-02066-PHX-JJT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Sushi Brokers LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 104, Mot.), to which Defendant filed a Response (Doc. 106, Resp.) and Plaintiff filed a Reply (Doc. 108, Reply). No party asked for oral argument, and the Court finds this matter appropriate for resolution without such argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court will grant Plaintiff's Motion for Attorneys' Fees and Costs.

**I.    FACTUAL BACKGROUND**

This case arises out of an employment discrimination claim filed by Plaintiff Brittany Everts in 2015. She alleged that her employer, Defendant Sushi Brokers, LLC, fired her upon learning of her pregnancy. The Court granted Plaintiff's Partial Motion for Summary Judgment on the issue of Defendant's liability in March 2017, and thereafter the parties reached a settlement. (Docs. 81, 102.) Plaintiff has now filed a Motion for Attorneys' Fees and Costs under 42 U.S.C. § 2000e-5(k), requesting $71,821.50 for attorneys' fees and $5,587.12 for costs. (Reply at 9.)[1]

---

[1] Plaintiff initially requested $72,594 for attorneys' fees and $5,647.12 for costs, but Defendant argued that 7.2 of the hours Plaintiff included under an attorney's hourly

## II. LEGAL STANDARD

Under 42 U.S.C. § 2000e-5(k), a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." Plaintiffs who prevail under Title VII are entitled to attorneys' fees in "all but special circumstances." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978). In determining whether requested attorneys' fees are reasonable, courts apply the lodestar method. *See, e.g.*, *Reed v. Purcell*, No. CV-10-2324-PHX-JAT, 2011 WL 5128142 at *4 (D. Ariz. Oct. 31, 2017). The lodestar approach consists of two steps. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007). "First, the court establishes a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate," excluding from the requested amount "any hours that are excessive, redundant, or otherwise unnecessary." *Id.* (internal citation omitted). Then, in rare cases, "the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." *Id.* (internal citation omitted).

Local Rule 54.2(c)(3) lists 13 factors this Court can consider to determine whether a requested award of attorneys' fees is reasonable:

> (A) The time and labor required of counsel; (B) The novelty and difficulty of the questions presented; (C) The skill requisite to perform the legal service properly; (D) The preclusion of other employment by counsel because of the acceptance of the action; (E) The customary fee charged in matters of the type involved; (F) Whether the fee contracted between the attorney and the client is fixed or contingent; (G) Any time limitations imposed by the client or the circumstances; (H) The amount of money, or the value of the rights, involved, and the results obtained; (I) The experience, reputation and ability of counsel; (J) The "undesirability" of the case; (K) The nature and length of the professional relationship between the attorney and the client; (L) Awards in similar actions; and (M) Any other matters deemed appropriate under the circumstances.

---

rate should have been billed as paralegal time. (Resp. at 6–8.) Plaintiff does not dispute this contention and modified her request accordingly. (Reply at 8.)

## III. ANALYSIS

In the Motion for Attorneys' Fees and Costs, Plaintiff argues and Defendant does not dispute that she is eligible for attorneys' fees under 42 U.S.C. § 2000e-5(k) and entitled to attorneys' fees because she is the prevailing party in this case. (Mot. at 6–8.) Plaintiff relies on the Local Rule 54.2(c)(3) factors to assert that her fee request is reasonable. In response, Defendant offers three reasons why the Court should deny the motion: 1) Plaintiff's counsel's rates are higher than the prevailing rates in the Phoenix legal market in 2015; 2) Plaintiff's Motion does not comply with the Local Rules of Civil Procedure; 3) Plaintiff's attorney cannot bill for performing paralegal work.

The Court will thus examine the relevant factors in its determination of whether Plaintiff's fee request is reasonable and the effect of Plaintiff's failure to comply with the Local Rules in her Motion.

### A. Failure to Comply with Local Rules

Defendant first argues that the Court should deny Plaintiff's Motion because it does not comply with multiple provisions pertaining to attorneys' fees applications in the Local Rules of Civil Procedure. Specifically, Defendant asserts that Plaintiff did not attach a fee agreement, an affidavit indicating the method by which charges were established and community prevailing rates, receipts of work done, or a statement of consultation to the Motion. (Resp. at 2–3.)[2] Plaintiff does not dispute that she did not attach these documents to the Motion. However, Plaintiff attached the Revised Fee Agreement (Ex. 2) and Attorney Affidavits (Ex. 3) to the Reply, and the Statement of Consultation (Doc. 109 Ex. 5) and Receipts (Doc. 109 Ex. 4) as Additional Attachments in support of the Motion. Plaintiff remedied the Motion's deficiencies by giving the Court the documents it requires in the format it requires. *See Aviva USA Corp. v. Vazirani*, No. CV-11-0369-PHX-JAT, 2013 WL 4430921 at *7 (D. Ariz. Aug. 16, 2013) (finding that

---

[2] Defendant also asserts that Plaintiff failed to comply with Local Rule 7.1(b) by failing to number the pleading paper. While the Court advises Plaintiff's counsel to follow this Local Rule in the future, this issue is not so serious as to warrant denying the Motion.

1  Local Rule violations were remedied when a party provided the required documents in a
2  reply). Thus, the Court finds that Defendant's argument does not warrant denying
3  Plaintiff's Motion.

### B. Reasonable Fees

Plaintiff asserts hourly rates of $280 per hour for a senior partner, $240 per hour for two associates, and $125 per hour for a paralegal.[3] Plaintiff then argues that four of the Local Rule 54.2(c)(3) factors support the reasonableness of her request: 1) time and labor required of counsel; 2) novelty and difficulty of the questions presented; 3) amount of money or the value of the rights involved and the results obtained; and 4) Defendant's attempts to frustrate the judicial process. Defendant does not dispute any of these factors in Plaintiff's Motion, and the Court finds these factors support the reasonableness of Plaintiff's fee request.

Defendant argues that Plaintiff's request is unreasonable because the hourly rates she provides are above the prevailing rates in the Phoenix market. (Resp. at 5.) However, the prevailing rates in the cases Defendant cites do not accurately represent the prevailing rates in the Phoenix market in 2015. *See, e.g.*, *Biltmore Assocs., LLC v. Twin City Fire Ins. Co.*, No. CV-05-04220, 2007 WL 496766 at *8 (D. Ariz. Feb. 12, 2007) (finding that $200-$225 was the "comparable prevailing community rate" in 2007). Case law shows that the Phoenix market's prevailing rates in 2011 were higher than Plaintiff's counsel's rate in 2015. *See Reed*, 2011 WL 5128142 at *3–5 (finding that rates of up to $446 per hour for attorneys and $127 per hour for paralegals were reasonable in 2011). The Court finds that Defendant fails to show the hourly rates in the Motion do not fall within the Phoenix legal market's prevailing rates, and thus Plaintiff's request for attorneys' fees is reasonable.

---

[3] Plaintiff's counsel recorded over 282 hours of work, and Defendant does not take issue with the amount of hours spent on this case.

## IV. CONCLUSION

Plaintiff's request for attorneys' fees is reasonable, and Defendant failed to demonstrate any special circumstance that would justify denying Plaintiff's Motion.

IT IS THEREFORE ORDERED granting Plaintiff's Motion for Attorneys' Fees and Costs. (Doc. 104.)

IT IS FURTHER ORDERED directing the Clerk of Court to enter final judgment in favor of Plaintiff Brittany Everts and against Defendant Sushi Brokers LLC in the amount of $71,821.50 for attorneys' fees and $5,587.12 for costs, and dismissing Plaintiff's claims with prejudice pursuant to the parties' settlement agreement.

Dated this 3rd day of August, 2018.

Honorable John J. Tuchi
United States District Judge